

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-78,748-02

### EX PARTE MICHAEL WADE RIDDLE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 41428-C IN THE 89TH DISTRICT COURT
### FROM WICHITA COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated sexual assault and originally received deferred adjudication community supervision. His guilt was later adjudicated and he was sentenced to life imprisonment. His trial counsel failed to timely file notice of appeal. On January 16, 2013, this Court granted Applicant an out-of-time appeal pursuant to his first Article 11.07 habeas application.

In this application, Applicant contends that the attorney appointed to represent him in his out-

of-time appeal rendered ineffective assistance because he too failed to timely file a notice of appeal. The trial court afforded that attorney the opportunity to file an affidavit explaining why notice of appeal was not timely filed, but the attorney did not file such an affidavit.

The trial court has determined that counsel failed to timely file a notice of appeal. We find that Applicant is again entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 41428-C from the 89th District Court of Wichita County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal.

Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: April 2, 2014
Do not publish